UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANTHONY SIMS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CITY OF SEATTLE, a municipal corporation, and ROBERT BROWN, GREGORY NASH, GARRETT FOLLETTE, and BRADLEY RICHARDSON, Officers of the Seattle Police Department<br><br>　　　　　Defendants. | No.<br><br>COMPLAINT<br><br><br>JURY TRIAL REQUESTED |

## I.　INTRODUCTION

1.1　On the morning of May 17, 2020, Anthony Sims was starting a normal workday, making deliveries in downtown Seattle. But his day and his faith in his city were turned upside down when Seattle police officers followed him and forcibly detained him without justification. The officers falsely claimed Anthony was driving a stolen car, held him at gunpoint, frisked him, and unlawfully searched his vehicle. The baseless claim he had stolen his car naturally could not be substantiated, and Anthony was ultimately released.

1.2　The Seattle Police Department's policies and practices caused these officers to engage in this unlawful conduct. African-Americans and other non-white residents like Anthony bear the brunt of the Seattle Police Department's unlawful policies and practices.

1.3　Pursuant to these policies and practices, Defendants engaged in the following conduct violating Plaintiff's constitutional rights.

## II.　PARTIES

2.1　Plaintiff Anthony Sims is an African-American citizen of the state of Washington and a resident of King County and Seattle, Washington.

COMPLAINT - 1

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

2.2 Defendant City of Seattle is a municipal corporation formed under the laws of the State of Washington.

2.3 Defendant Robert Brown was, at all material times, a Caucasian male peace officer employed by the Seattle Police Department, acting under color of law.

2.4 Defendant Gregory Nash was, at all material times, a Caucasian male peace officer employed by the Seattle Police Department, acting under color of law.

2.5 Defendant Garrett Follette was, at all material times, a Caucasian male peace officer employed by the Seattle Police Department, acting under color of law.

2.6 Defendant Bradley Richardson was, at all material times, a Caucasian male peace officer employed by the Seattle Police Department, acting under color of law.

### III.   JURISDICTION AND VENUE

3.1 This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, as well as 42 U.S.C. § 1983.

3.2 Venue is appropriate in the Western District of Washington pursuant to 28 U.S.C. § 1391 because at least some of the Defendants reside in this judicial district and because the events and omissions giving rise to the claims alleged here occurred within the Western District of Washington.

### IV.   FACTS

4.1 Mr. Sims works as a delivery driver. Shortly after 5:00 am on May 17, 2020, he parked his car in front of a 7-11 store at the intersection of 1st Avenue and Cherry Street in downtown Seattle to complete a delivery order.

4.2  Mr. Sims is the owner of the car he was driving during the incident.

4.3 Defendant Robert Brown had been following him for several blocks, and was pulling up behind him as he parked. Defendant Brown did not have his lights or sirens

COMPLAINT - 2

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

activated. Defendant Brown made no attempt to pull Mr. Sims over. Mr. Sims was obeying all traffic laws. No grounds to stop him existed.

4.4     Unbeknownst to Mr. Sims, Defendant Brown sought a pretext to stop Mr. Sims, and decided to relay Mr. Sims's license plate number to a dispatcher while following him. There was no legitimate reason to run a check on Mr. Sims's license plate.

4.5     Officer Brown could see into Mr. Sims's car and could see that he was African American. Had this not been the case, Officer Brown would not have followed Mr. Sims or run his license plate number.

4.6     Had Defendant Brown waited for the results of his inquiry, he would soon have learned that there was nothing out of the ordinary about Mr. Sims's car or license plate. Instead, without waiting for the results of his inquiry, based on the false and pretextual speculation that Mr. Sims was driving a stolen vehicle, Defendant Brown decided to detain Mr. Sims.

4.7     When Mr. Sims got out of his car to go into the 7-11, Defendant Brown began issuing a series of commands to Mr. Sims at a high volume over his public address system.

4.8     Defendant Brown first commanded Mr. Sims over the loudspeaker to return to his vehicle and wait, which Mr. Sims did. Defendant Brown then commanded Mr. Sims over the loudspeaker to exit the vehicle. When Mr. Sims stepped out of the vehicle, Defendant Brown commanded Mr. Sims to spin around and walk backwards toward where Defendant Brown was standing. Mr. Sims complied fully with each and every one of these commands.

4.9     Additional police units, including those of the other individual Officer Defendants, began arriving as soon as Defendant Brown made contact with Mr. Sims.

COMPLAINT - 3

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

4.10    As he issued commands to Mr. Sims, Defendant Brown said over the loudspeaker, "I have no doubt that's probably your vehicle," and, "sometimes there's a misunderstanding." Defendant Brown knew at the time he detained Mr. Sims that his ostensible reason for doing so was false. The only apparent reason Defendant Brown would have stopped Mr. Sims was his race.

4.11    As this was happening, Defendant Nash drew his firearm, raised it, and pointed it at Mr. Sims such that an intentional or accidental discharge would have killed or seriously injured Mr. Sims.

4.12    Multiple officers drew or pointed their firearms at Mr. Sims as they arrived and exited the police vehicles.

4.13    Defendant Nash could see that Mr. Sims was African-American and was motivated to use unnecessary force by his conscious or unconscious racial bias.

4.14    Ultimately, eight officers and a total of six distinct police units responded. While Mr. Sims was detained, Defendant Nash, Defendant Follette, and Defendant Richardson searched Mr. Sims's car without any probable cause or justification, opening the driver's side front door and the trunk of the car to inspect the interior. Defendants Nash, Follette, and Richardson had their guns drawn and pointed at Mr. Sims's empty car in a military-style maneuver as they approached. Defendants Nash, Follette and Richardson were aware at the time of their search that Mr. Sims's license plate had been fully cleared. Despite this, Defendants Nash, Follette, and Richardson were motivated to search Mr. Sims's car by conscious or unconscious racial bias.

COMPLAINT - 4

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

4.15  Officers also frisked and searched Mr. Sims. Nothing was discovered in Mr. Sims's car or on his person.

4.16  Officers continued to demand personal information from Mr. Sims's after they were aware his license plate had been cleared.

4.17  When no post hoc justification for stopping Mr. Sims could be found, one officer suggested, "Should we give him a parking ticket?"

4. 18  While the officers still had Mr. Sims detained at the scene, a dispatcher told Defendant Brown that Mr. Sims's license plate had not been reported stolen and was clear.

4.19  Mr. Sims was ultimately released without charges

4.20  When Defendant Brown explained what had occurred to Sergeant Patrick Moore, Sgt. Moore approved and condoned the actions of the individual Officer Defendants.

4.21  Mr. Sims remained fully compliant and cooperative throughout the incident, despite the shock and fear of being suddenly given commands over a loudspeaker and held at gunpoint.

4.22  Mr. Sims reasonably believed during his detention that he was under arrest and would be taken to jail. He was surrounded by an overwhelming number of police units, many with guns drawn, and at least one firearm pointed at him, while commands were issued to him over a loudspeaker. Defendants detained Mr. Sims in the manner of a military operation. The methods used were highly intrusive and unreasonable given the circumstances, especially in light of Mr. Sims's complete cooperation and the lack of any basis to believe he posed a threat.

COMPLAINT - 5

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

4.23 As a result of his unlawful detention, Mr. Sims has been forced to avoid the area of the incident, and downtown Seattle generally, for fear that the same officers will again violate his rights or retaliate against him for reporting their misconduct to oversight authorities. Mr. Sims has consistently turned down delivery jobs in the downtown Seattle area since the incident for this reason.

4.24 No reasonable suspicion, probable cause, or exigency existed to justify any stop, arrest, or search of Plaintiff or his vehicle. There was no reason to believe Plaintiff posed a threat, nor any justification for drawing or pointing a firearm at Plaintiff. None of the police conduct in this suit stems from any 911 call, warrant, report of crime, or any other basis.

4.25 The individual Officer Defendants violated Mr. Sims's clearly established constitutional rights when they detained him without reasonable suspicion or probable cause.

4.26 Defendant Nash violated Mr. Sims's clearly established constitutional rights when he used excessive force against him without any reason to believe he posed a threat.

4.27 Defendants Nash, Follette, and Richardson violated Mr. Sims's clearly established constitutional rights when they searched his vehicle without probable cause, a warrant, or any exigency.

4.28 The individual Officer Defendants violated Mr. Sims's clearly established constitutional right to equal protection of the laws, when they selectively subjected him to an unjustified stop, arrest, search and use of excessive force, for which his race was a motivating factor. The individual Defendant officers would not have engaged in the alleged conduct but for their conscious or unconscious racial bias.

COMPLAINT - 6

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

19052.00 og021101

4.29 In response to a disciplinary complaint Mr. Sims filed regarding these events, the City of Seattle failed to discipline any of the officers involved, and found their conduct consistent with City policy and practices.

4.30 The City of Seattle has a policy, practice, or custom of conducting searches and seizures without probable cause or other legal justification, and of using excessive force. These policies and practices are part of the training and instruction the City of Seattle imparts to its police officers. These policies and practices cause Seattle Police Department officers to abridge the civil rights of law-abiding persons on the streets of Seattle, including Mr. Sims. These policies and practices include the Seattle Police Department's policy or practice of conducting baseless "high risk" vehicle stops with firearms drawn and pointed.

4.31 The U.S. Department of Justice has found that Seattle police engage in a pattern or practice of excessive force due to the City's policies, training, and supervision. The Department of Justice also found that SPD officers exhibited confusion about the necessity of having reasonable suspicion in order to conduct investigatory stops. The City of Seattle Police Department is currently under supervision by the U.S. District Court for the Western District of Washington, pursuant to a Consent Decree following the Department of Justice findings. The Seattle Police Department has yet to fully comply with the terms of the consent decree, which remains in place. *See* "Investigation of the Seattle Police Department," United State Department of Justice, Civil Rights Division, Dec. 16, 2011 (accessed Sep. 22, 2021 at https://www.justice.gov/sites/default/files/crt/legacy/2011/12/16/spd_findletter_12-16-11.pdf); *see generally United States v. City of Seattle*, 2:12-cv-01282, Dkt. Nos. 3, 562.

COMPLAINT - 7

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

4.32    The City of Seattle also has a practice or custom of engaging in unjustified stops, searches, arrests, and excessive use of force, disproportionately against African American and other non-white residents, as compared to white residents.

4.33    An independent analysis of publicly available Seattle Police Department data published in January 2021 concluded that African Americans were subjected to the use of force more than seven times as often per capita as compared to Caucasians. The same report found that Seattle Police stop African Americans more than four times as often per capita as compared to Caucasians, while also finding that Caucasians were more likely to be found with a weapon. The report also found that Seattle police were more far more likely to point or display a firearm when interacting with an African American than a Caucasian. *See* Kim Shayo Buchanan et al, "The Science of Justice: Seattle Police Department," Center for Policing Equity, Jan. 2021 (accessed Sep. 22, 2021 at https://spdblotter.seattle.gov/wp-content/uploads/sites/11/2021/07/SPD_CityReport_Final_1.11.21-1.pdf).

4.34    The City of Seattle's Police Department policies, practices, customs, and usages caused the individual Officer Defendants' actions in this case, which deprived Mr. Sims of his constitutional rights. The individual Officer Defendants acted pursuant to the policies, practices, customs, and usages of the City of Seattle Police Department.

## V.    CAUSES OF ACTION

### FIRST CAUSE OF ACTION
### (Federal Civil Rights Violations – Fourth Amendment)

5.1    By virtue of the facts set forth above, the individual Officer Defendants are liable in their individual capacities for compensatory damages for depriving Plaintiff Anthony Sims of his civil rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983, to be free from unreasonable search and seizure. The individual

COMPLAINT - 8

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

Officer Defendants are also liable in their individual capacities for punitive damages for acting with malice, oppression, or reckless disregard for Plaintiff Sims's Fourth Amendment rights.

## SECOND CAUSE OF ACTION
### (Federal Civil Rights Violations – Fourteenth Amendment)

5.2     By virtue of the facts set forth above, the individual Officer Defendants are also liable in their individual capacities for compensatory damages for deprivation of civil rights of Plaintiff Anthony Sims guaranteed by the Equal Protection Clause of the 14th Amendment to the Constitution of the United States. The individual Officer Defendants are also liable in their individual capacities for punitive damages for acting with malice, oppression, or reckless disregard for Plaintiff Sims's Fourteenth Amendment rights.

## SECOND CAUSE OF ACTION
### (*Monell* Action Against City of Seattle)

5.3     By virtue of the facts set forth above, and as a result of its policies, practices, customs, and usages, Defendant City of Seattle is liable for compensatory damages to Mr. Sims for depriving him of rights guaranteed by the Fourth Amendment to the Constitution of the United States and 42 U.S.C. §1983, to be free from unreasonable searches and seizures; and depriving him of rights guaranteed by the Fourteenth Amendment, to be entitled to the equal protection of the laws.

## VI. INJUNCTION ALLEGATIONS

6.1     Defendants' unconstitutional policies, practices, and customs are ongoing and continue to violate Plaintiff's constitutional rights, and as such there is no adequate remedy at law. There is a real and immediate threat that the Individual Defendant Officers or other Seattle police officers will again deprive Mr. Sims of his civil rights.

COMPLAINT - 9

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

6.2     Plaintiff is entitled to injunctive relief prohibiting Defendants and their officers and agents from stopping or searching his vehicle without probable cause; from stopping or detaining him without reasonable suspicion or probable cause; from denying him equal protection of the laws; and from pointing firearms at him or otherwise using excessive force without reasonable cause to believe there is any threat.

## VI.     REQUEST FOR RELIEF

WHEREFORE, Plaintiff requests relief against Defendants as follows:

6.1     Trial to a jury;

6.2     A declaration that the individual Officer Defendants' actions violated Plaintiff's civil rights;

6.3     A declaration that the Defendant City of Seattle's policies, practices, customs, and usages caused the individual Officer Defendants' violations of Plaintiff's civil rights;

6.4     A preliminary and permanent injunction preventing Defendants from continuing to violate the Constitution and providing other equitable relief.

6.5     Damages for emotional distress and harm;

6.6     Punitive damages against the individual Officer Defendants;

6.7     Pre-judgment and post-judgment interest on any amounts awarded;

6.8     Attorneys' fees and costs pursuant to 42 U.S.C. § 1988 and other applicable law;

6.9     Other declaratory and injunctive relief as the Court deems just and equitable; and

6.10    The right to conform the pleadings to the evidence presented.

//
//
//
//
//

COMPLAINT - 10

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101

DATED this 12th day of April, 2022.

                            MacDONALD HOAGUE & BAYLESS

By: */s/Nathaniel Flack*
    Nathaniel Flack, WSBA # 58582
    NathanielF@mhb.com
    705 Second Avenue, Suite 1500
    Seattle, WA 98104
    Phone: (206) 622-1604
    *Attorneys for Plaintiff*

By: */s/ Lauren Freidenberg*
    Lauren Freidenberg, WSBA # 59145
    LaurenF@mhb.com
    705 Second Avenue, Suite 1500
    Seattle, WA 98104
    Phone: (206) 622-1604
    *Attorneys for Plaintiff*

COMPLAINT - 11

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

19052.00 og021101