Honorable Judge Lin

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON AT SEATTLE

| | |
|---|---|
| ANTHONY SIMS,<br><br>  Plaintiff,<br><br>  v.<br><br>CITY OF SEATTLE, a municipal corporation, and ROBERT BROWN, GREGORY NASH, GARRETT FOLLETTE, and BRADLEY RICHARDSON, Officers of the Seattle Police Department,<br><br>  Defendants. | No. 2:22-cv-00483-TL<br><br>JOINT STATUS REPORT |

1. **Nature and Complexity of the Case**:

    A. <u>Nature of the Case:</u> Plaintiff alleges that the Defendant officers are liable for detaining him without reasonable suspicion or probable cause; using excessive force; and discriminating against him on the basis of race. Plaintiff alleges Defendant the City of Seattle is liable for its policies, practices, and customs which caused these violations of his rights. Defendants deny Plaintiff's allegations.

    B. <u>Complexity of the Case:</u> The facts of the May 17, 2020 incident at issue are straightforward and were captured by multiple video cameras. Plaintiff's claims against the individual defendant officers arising out of the May 17, 2020 incident are straightforward but involve the application of constitutional text and principles.

JOINT STATUS REPORT - 1

No. 2:22-cv-00483-TL

19052.00 pf072301

MACDONALD HOAGUE & BAYLESS
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

        Plaintiff asserts the facts and legal issues arising out of the City of Seattle's policies, customs, and practices are complex to the extent they require discovery into the City's policy- making, the identities and objectives of its policy-makers, and the City's policies, practices, and customs regarding stops, arrests, use of force including firearms, and race discrimination. Furthermore, the City remains under a consent decree in *United States v. City of Seattle*, 2:12-cv-01282-JLR, which may affect Plaintiff's claims against the City. The parties agree this case should not require use of complex litigation procedures. The City further asserts that an unrelated proceeding to which Plaintiff is not a party is not relevant to this proceeding.[1]

2. **Proposed Deadline for Joining Additional Parties**: February 1, 2023

3. **Use of Magistrate Judge**: The parties do not consent to the use of a Magistrate Judge.

4. **Proposed Discovery Plan**:

    A. <u>Date of Rule 26(f) Conference and Initial Disclosures</u>: The parties held a Rule 26(f) conference on June 8, 2022. The parties will exchange initial disclosures by July 5, 2022 per the Court's May 24, 2022 order.

    B. <u>Subjects, Timing and Phasing of Discovery</u>:   The parties intend to conduct discovery regarding the allegations in Plaintiff's Complaint, Defendant's Answer and affirmative defenses, and testimony of witnesses. Plaintiff asserts that phased discovery is unnecessary. The City asserts that phased discovery is appropriate where this matter should be bifurcated to address Plaintiff's *Monell* and injunctive relief claims against the City separately because a *Monell* claim flows out of any constitutional violation by the individual officers. Thus, it is in the interest of judicial economy to adjudicate the claims pertaining to the individual officers and only reach the claims against the City if Plaintiff prevails as to the claims against the individual

---

[1] The City further asserts that any reference to, or reliance on, the consent decree in *United States v. City of Seattle* by Plaintiff is misplaced because the monitor has reiterated that the "Department of Justice's investigation did not reach a finding of discriminatory policing." Comprehensive Assessment, May 13, 2022, p. 106 (quotation omitted). Furthermore, the consent decree monitor stated that the City is in compliance with bias-free policing policies. *Id* at 106-07.

JOINT STATUS REPORT - 2

No. 2:22−cv−00483−TL

19052.00 pf072301

officers. Plaintiff intends to oppose a motion to bifurcate or a motion to phase discovery.

C. <u>Management of Discovery</u>. The parties agree that for purposes of service and computation of response deadlines under the Local Rules, filing by ECF will constitute service by hand on the date ECF automated notification is sent. The parties agree that electronic service via e-mail of all other documents, including discovery requests and responses, also constitutes service, provided the document is sent before 5:00 pm (PST, or PDT as applicable) to all e-mail addresses identified by below:

**For Plaintiff:**

NathanielF@mhb.com, attorney

LaurenF@mhb.com, attorney

LucasW@mhb.com (legal assistant)

TrishW@mhb.com (legal assistant)

**For Defendant:**

Jessica.Leiser@seattle.gov, attorney

Ghazal.Sharifi@seattle.gov, attorney

Brandon.Rain@seattle.gov, attorney

Jay.Beck@seattle.gov (legal assistant)

Before any production of electronically stored information (ESI), the parties agree to confer with each other regarding the nature and type of ESI to be produced, including the form of production.

D. <u>Privilege Issues</u>: The parties agree to redact documents that may be partially privileged.

E. <u>Limitations on Discovery:</u> The parties believe discovery should be limited only by the Federal Rules of Civil Procedure, the Local Civil Rules, and Judge Lin's Standing Order.

JOINT STATUS REPORT - 3

No. 2:22−cv−00483−TL

19052.00 pf072301

**MacDonald Hoague & Bayless**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

F. <u>Additional Orders</u>: At this time, Plaintiff believes that no additional orders should be entered by the Court pursuant to FRCP 26(c) or Local Civil Rule 16(b) and (c). The City asserts that a protective order, largely consistent with the Court's model protective order, is necessary to ensure the integrity of ongoing law enforcement operations, potentially including criminal prosecutions, involving the individually named officers is necessary. The parties will assess the need, if any, for a protective order as discovery proceeds.

5. **Alternative Dispute Resolution (ADR) and Discovery**:

   A. <u>Statement Regarding Early Resolution</u>: The parties have just begun discussions and it is unclear whether they will be fruitful.

   B. <u>Type of ADR</u>: Mediation.

   C. <u>Timing of ADR</u>: The parties believe the deadline should be 30 days before the close of discovery.

   D. <u>Related Cases</u>: None.

   E. <u>Discovery Management</u>: The parties will work cooperatively to coordinate and complete discovery in a timely and effective manner.

   F. <u>Subjects on Which Discovery Sought</u>: The parties intend to conduct discovery regarding the allegations in Plaintiff's Complaint, Defendant's Answer and affirmative defenses, and testimony of witnesses. "Methods of discovery include the following: Requests for Production; Interrogatories (neither party anticipates to request leave to serve additional interrogatories); Request for Admissions; Depositions (Plaintiff reserves the right to seek leave of Court should the number of depositions exceed ten (10) pursuant to Fed. R. Civ. P. 30)."

   G. <u>Phasing Motions</u>: Plaintiff asserts that phased discovery is unnecessary at this time. The City asserts, consistent with its position on bifurcation, that discovery should be phased to address the claims against the individually named officers prior to

JOINT STATUS REPORT - 4
No. 2:22−cv−00483−TL
19052.00 pf072301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604 Fax 206.343.3961

conducting discovery pertaining to the claims against the City. Plaintiff intends to oppose a motion to bifurcate or a motion to phase discovery.

H. <u>Preservation of Discoverable Information</u>: The parties have taken the necessary steps to preserve discoverable information.

I. <u>Privilege Issues</u>: Please see the entry for Section E above, which is incorporated by reference.

J. <u>Model Protocol for Discovery of ESI</u>: The parties will be discussing the nature and extent of ESI evidence and may be submitting a proposed protocol.

K. <u>Alternatives to Model Protocol for Discovery of ESI</u>: The parties will be discussing the nature and extent of ESI evidence and may be submitting a proposed protocol

6. **Date for Completion of Discovery**: The parties believe that discovery can be completed by February 1, 2023.

7. **Bifurcation of Trial**: Plaintiff asserts that no bifurcation is necessary. The City asserts that bifurcation is appropriate where Plaintiff's claims against the City are predicated on a successful adjudication of Plaintiff's claims against the individually named officers and do not otherwise touch on the same nucleus of fact or law.

8. **Pretrial Statement and Pretrial Order**: The parties do not waive the requirement of Pretrial Statements and creation of a Pretrial Order.

9. **Individualized Trial Program**: The parties do not intend to utilize the Individualized Trial Program as set forth in Local Civil Rule 39.2.

10. **Shortening or Simplifying Case**: The parties do not at this time have any other suggestions for simplifying or shortening the case.

11. **Trial Readiness**: The case will be ready for trial by July 1, 2023.

12. **Nature of Trial**: Trial will be by jury.

13. **Length of Trial**: The parties anticipate 7 days for trial.

JOINT STATUS REPORT - 5

No. 2:22-cv-00483-TL

19052.00 pf072301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

14. **Whether any party wishes to have a scheduling conference in advance of the Court's entry of a scheduling order in the case.** The parties do not request a scheduling conference in advance of the Court's entry of a scheduling order.

15. **Certification.** Plaintiff's counsel certifies that they have reviewed Judge Lin's Chamber Procedures the Local Rules, General Orders, and the applicable Electronic Filing Procedures. Plaintiff's counsel certifies that they have reviewed and complied with Judge Lin's Standing Order Regarding 28 U.S.C. § 455 and Canon 3 of the Code of Conduct for United States Judges.

16. **Federal Rule of Civil Procedure 7.1**: No party is a non-governmental corporate entity and FRCP 7.1 disclosures have been made.

17. **Contact Information for Trial Counsel**:

   (a) Attorneys for Plaintiff
   Lauren Freidenberg, WSBA # 59145
   Nathaniel Flack, WSBA # 58582
   MacDonald Hoague & Bayless
   705 Second Avenue, Suite 1500
   Seattle, WA 98104
   Phone:  206/622-1604
   Facsimile:  206/343-3961
   E-mail: NathanielF@mhb.com
   E-mail: LaurenF@mhb.com

   (b) Attorneys for Defendants
   Jessica Leiser, WSBA # 49349
   Brandon Rain, WSBA # 45247
   Ghazal Sharifi, WSBA # 47750
   Seattle City Attorney's Office
   701 Fifth Avenue, Suite 2050
   Seattle, WA 98104
   Phone: 206-684-8200
   Fax: 206-684-8284
   Email: Jessica.Leiser@Seattle.gov
   Email: Brandon.Rain@Seattle.gov
   Email: Ghazal.Sharifi@Seattle.gov

JOINT STATUS REPORT - 6

No. 2:22−cv−00483−TL

19052.00 pf072301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington  98104
Tel 206.622.1604  Fax 206.343.3961

DATED this 6th day of July, 2022.

MacDONALD HOAGUE & BAYLESS

By: /s/Nathaniel Flack
Nathaniel Flack, WSBA # 58582
MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, WA 98104
Phone:  206/622-1604
Facsimile:  206/343-3961
E-mail: NathanielF@mhb.com

SEATTLE CITY ATTORNEY'S OFFICE

By: /s/ Jessica Leiser
Jessica Leiser, WSBA # 49349
Brandon Rain, WSBA # 45247
Ghazal Sharifi, WSBA # 47750
Seattle City Attorney's Office
701 Fifth Avenue, Suite 2050
Seattle, WA 98104
Phone: 206-684-8200
Fax: 206-684-8284
Email: Jessica.Leiser@Seattle.gov
Email: Brandon.Rain@Seattle.gov
Email: Ghazal.Sharifi@Seattle.gov

JOINT STATUS REPORT - 7

No. 2:22−cv−00483−TL

19052.00 pf072301

MacDonald Hoague & Bayless
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961

**CERTIFICATE OF SERVICE**

I hereby certify that on July 6, 2022, I electronically served the foregoing to the following:

| | |
|---|---|
| Jessica Leiser, WSBA# 49349 | ( x ) Via Email |
| Ghazal Sharifi, WSBA# 47750 | Jessica.Leiser@seattle.gov |
| Brandon Rain, WSBA # 45247 | Ghazal.Sharifi@seattle.gov |
| Ann Davison | Brandon.Rain@seattle.gov |
| Seattle City Attorney | |
| 701 5th Avenue, Suite 2050 | |
| Seattle, WA 98104-7095 | |
| (206) 684-8200 | |
| *[Attorneys for Defendants]* | |

　　　　　　　　　*/s/ Trish Weissmann*
　　　　　　　　　Trish Weissmann, Legal Assistant

JOINT STATUS REPORT - 8

No. 2:22−cv−00483−TL

19052.00 pf072301

**MACDONALD HOAGUE & BAYLESS**
705 Second Avenue, Suite 1500
Seattle, Washington 98104
Tel 206.622.1604  Fax 206.343.3961