Hon. Tana Lin

1

2

3

4

5

6

7            UNITED STATES DISTRICT COURT
        WESTERN DISTRICT OF WASHINGTON
8                    AT SEATTLE

9   ANTHONY SIMS,

10                      Plaintiff,

                                            No.    2:22-cv-00483-TL
11          vs.

                                            [PROPOSED] STIPULATED
12   CITY OF SEATTLE, a municipal corporation,   PROTECTIVE ORDER
     and ROBERT BROWN, GREGORY NASH,
13   GARRETT FOLLETTE, and BRADLEY
     RICHARDSON, Officers of the Seattle Police
14   Department,

15                      Defendants.

16

17   1.    PURPOSES AND LIMITATIONS

18          Discovery in this action is likely to involve production of confidential, proprietary, or private

19   information for which special protection may be warranted. Such information may implicate the

20   privacy interests of the parties and are properly protected through a Fed. R. Civ. P. 26(c) protective

21   order. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 35 n.21 (1984) ("Rule 26(c) includes among its

22   express purposes the protection of a 'party or person from annoyance, embarrassment, oppression or

23   undue burden or expense.' Although the Rule contains no specific reference to privacy or to other

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 1 (2:22-cv-00483-TL)

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

rights or interests that may be implicated, such matters are implicit in the broad purpose and language of the Rule."); *Soto v. City of Concord*, 162 F.R.D. 603, 617 (N.D. Cal. 1995) (a party's privacy rights are to be protected through a "carefully crafted protective order.").  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order. The parties acknowledge that this agreement is consistent with LCR 26(c). It does not confer blanket protection on all disclosures or responses to discovery, the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles, and it does not presumptively entitle parties to file confidential information under seal.

2.      "CONFIDENTIAL" MATERIAL

        "Confidential" material may include the following documents and tangible things produced or otherwise exchanged: (1) medical, psychological, employment, financial and family related records of plaintiff, defendants and/or third parties (including personal financial, medical, psychological or family related materials that are relevant to the action; personal financial, medical, psychological or family related materials, that are not relevant to this action will be redacted); (2) records that could implicate privacy rights of the individual defendants, plaintiff or third parties, including, but not limited to, personal identifying information ("PII") such as date of birth, social security number, personal home address, phone number, e-mail address, criminal record number, driver's license number, and state identification number; (3) personal financial information; (4) passport information; (5) immigration status; (6) video recordings within correctional facilities that depict jail operations or jail functions; (7) any information protected from release by statute and exempt from public disclosure; (8) police personnel files that contain personal or sensitive information; (9) Body Worn Video footage, to the extent such footage contains information exempt from public disclosure, and with the understanding that redacted BWV files already produced under the Public Records Act are not confidential; and (10) non-public tactical policies and procedures and training protocols.

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
- 2 (2:22-cv-00483-TL)

3.    <u>SCOPE</u>

The protections conferred by this agreement cover not only confidential material (as defined above), but also (1) any information copied or extracted from confidential material; (2) all copies, excerpts, summaries, or compilations of confidential material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal confidential material.

However, the protections conferred by this agreement do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise.

4.    <u>ACCESS TO AND USE OF CONFIDENTIAL MATERIAL</u>

4.1    <u>Basic Principles</u>. A receiving party may use confidential material that is disclosed or produced by another party or by a non-party in connection with this case only for evaluation of the material or of the case, prosecuting and/or defending the case, evaluation experts and expert opinions or attempting to settle this litigation. Confidential material may be disclosed only to the categories of persons and under the conditions described in this agreement. Confidential material must be stored and maintained by a receiving party at a location and in a reasonably secure manner that ensures that access is limited to the persons authorized under this agreement.

4.2    <u>Disclosure of "CONFIDENTIAL" Information or Items</u>. Unless otherwise ordered by the court or permitted in writing by the designating party, a receiving party may disclose any confidential material only to:

(a)    the receiving party's counsel of record in this action, as well as employees of counsel to whom it is reasonably necessary to disclose the information for this litigation;

(b)    the officers, directors, and employees (including in house counsel) of the receiving party to whom disclosure is reasonably necessary for this litigation, unless the parties agree that a particular document or material produced is for Attorney's Eyes Only and is so designated;

(c)    experts and consultants to whom disclosure is reasonably necessary for this litigation and if provided copies of said material,  have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 3 (2:22-cv-00483-TL)

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

(d)     the court, court personnel, and court reporters and their staff;

(e)     copy or imaging services retained by counsel to assist in the duplication of confidential material, provided that counsel for the party retaining the copy or imaging service instructs the service not to disclose any confidential material to third parties and to immediately return all originals and copies of any confidential material;

(f)     during their depositions, witnesses in the action to whom disclosure is reasonably necessary, or who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the designating party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal confidential material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this agreement;

(g)     the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information; and

(h)     mediators and their staff.

4.3     <u>Filing Confidential Material</u>. Before filing confidential material or discussing or referencing such material in court filings, the filing party shall confer with the designating party, in accordance with Local Civil Rule 5(g)(3)(A), to determine whether the designating party will remove the confidential designation, whether the document can be redacted, or whether a motion to seal or stipulation and proposed order is warranted. During the meet and confer process, the designating party must identify the basis for sealing the specific confidential information at issue, and the filing party shall include this basis in its motion to seal, along with any objection to sealing the information at issue.  Local Civil Rule 5(g) sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.   A party who seeks to maintain the confidentiality of its information must satisfy the requirements of Local Civil Rule 5(g)(3)(B), even if it is not the party filing the motion to seal.

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Failure to satisfy this requirement will result in the motion to seal being denied, in accordance with the strong presumption of public access to the Court's files.

5.   DESIGNATING PROTECTED MATERIAL

5.1   Exercise of Restraint and Care in Designating Material for Protection. Each party or non-party that designates information or items for protection under this agreement must take care to limit any such designation to specific material that qualifies under the appropriate standards. The designating party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify, so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this agreement.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or delay the case development process or to impose unnecessary expenses and burdens on other parties) expose the designating party to sanctions.

If it comes to a designating party's attention that information or items that it designated for protection do not qualify for protection, the designating party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2   Manner and Timing of Designations. Except as otherwise provided in this agreement (see, *e.g.*, second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, disclosure or discovery material that qualifies for protection under this agreement must be clearly so designated before or when the material is disclosed or produced.

(a)   Information in documentary form: (*e.g.*, paper or electronic documents and deposition exhibits, but excluding transcripts of depositions or other pretrial or trial proceedings), the designating party must affix the word "CONFIDENTIAL" to each page that contains confidential material. If only a portion or portions of the material on a page qualifies for protection,

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 5 (2:22-cv-00483-TL)

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

the producing party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

A producing party or non-party that makes original documents available for inspection need not designate them for protection until after the inspecting party has indicated which documents it would like copied and produced. After the inspecting party has identified the documents it wants copied and produced, the producing party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the producing party must affix the "CONFIDENTIAL legend" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the producing party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

(b)     <u>Testimony given in deposition or in other pretrial proceedings</u>: for testimony given in depositions, the designating party must identify with specificity on the record before the close of the deposition, all protected testimony or documents. For other pretrial proceeding, the parties and any participating non-parties must identify on the record all protected testimony. If a party or non-party desires to protect confidential information at trial, the issue should be addressed during the pre-trial conference.

(c)     <u>Other tangible items</u>: the producing party must affix in a prominent place on the exterior of the container or containers in which the information or item is stored the word "CONFIDENTIAL." If only a portion or portions of the information or item warrant protection, the producing party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the designating party's right to secure protection under this agreement for such material after a meet and confer process. If the parties cannot agree to the proposed designation the issue shall be brought to the attention of the Court. Upon timely correction of a designation, as set forth above, the receiving party must make

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

reasonable efforts to ensure that the material is treated in accordance with the provisions of this agreement.

6.     CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     Timing of Challenges. Any party or non-party may challenge a designation of confidentiality at any time that is consistent with the Court's Scheduling Order. Unless a prompt challenge to a designating party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     Meet and Confer. The parties must make every attempt to resolve any dispute regarding confidential designations without court involvement. Any motion regarding confidential designations or for a protective order must include a certification, in the motion or in a declaration or affidavit, that the movant has engaged in a good faith meet and confer conference with other affected parties in an effort to resolve the dispute without court action. The certification must list the date, manner, and participants to the conference. A good faith effort to confer requires a face-to-face meeting or a telephone conference.

6.3     Judicial Intervention. If the parties cannot resolve a challenge without court intervention, the designating party may file and serve a motion to retain confidentiality under Local Civil Rule 7 (and in compliance with Local Civil Rule 5(g), if applicable). The burden of persuasion in any such motion shall be on the designating party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions. All parties shall continue to maintain the material in question as confidential until the court rules on the challenge.

7.     PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 7 (2:22-cv-00483-TL)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

If a party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that party must:

      (a)     promptly notify the designating party in writing and include a copy of the subpoena or court order;

      (b)     promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this agreement. Such notification shall include a copy of this agreement; and

      (c)     cooperate with respect to all reasonable procedures sought to be pursued by the designating party whose confidential material may be affected.

8.    <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL</u>

If a receiving party learns that, by inadvertence or otherwise, it has disclosed confidential material to any person or in any circumstance not authorized under this agreement, the receiving party must immediately (a) notify in writing the designating party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the protected material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this agreement, and (d) request that such person or persons execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

9.    <u>INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL</u>

When a producing party gives notice to receiving parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the receiving parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order or agreement that provides for production without prior privilege review. The parties agree to the entry of a non-waiver order under Fed. R. Evid. 502(d) as set forth herein.

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 8 (2:22-cv-00483-TL)

10.     <u>NON TERMINATION AND RETURN OF DOCUMENTS</u>

Within 60 days after the termination of this action, including all appeals, each receiving party must delete or destroy all confidential material that was produced by other parties or nonparties, including all copies, extracts and summaries thereof.

Notwithstanding this provision, counsel are entitled to retain one archival copy of all documents filed with the court, trial, deposition, and hearing transcripts, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain confidential material. Any such archival copies that contain or constitute protected material remain subject to this Protective Order.

The confidentiality obligations imposed by this agreement shall remain in effect until a designating party agrees otherwise in writing or a court orders otherwise.

                IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

                                        **MacDonald Hoague & Bayless**


DATED: 7/7/2022                         */s/Nathaniel Flack*
                                        Nathaniel Flack, WSBA # 58582
                                        Lauren Freidenberg, WSBA # 59145
                                        *Attorneys for Plaintiff*

DATED:
                                        Jessica Leiser, WSBA #49349
                                        Brandon Rain, WSBA # 45247
                                        *Attorneys for Defendants*


~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
- 9 (2:22-cv-00483-TL)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Pursuant to stipulation, it is so ORDERED.

It is further ORDERED that pursuant to Fed. R. Evid. 502(d), the production of any documents in this proceeding shall not, for the purposes of this proceeding or any other federal or state proceeding, constitute a waiver by the producing party of any privilege applicable to those documents, including the attorney-client privilege, attorney work-product protection, or any other privilege or protection recognized by law.

Dated this 28th day of July 2022.

_____
Tana Lin
United States District Judge

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 10 (2:22-cv-00483-TL)

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

1

2

## EXHIBIT A

### ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of
_____ [print or type full address], declare under penalty of
perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued
by the United States District Court for the Western District of Washington on [date] in the case of
*Anthony Sims v. City of Seattle, et al.*, 2:22-cv-00483-TL I agree to comply with and to be bound by
all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so
comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise
that I will not disclose in any manner any information or item that is subject to this Stipulated Protective
Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Western
District of Washington for the purpose of enforcing the terms of this Stipulated Protective Order, even
if such enforcement proceedings occur after termination of this action.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

DATED this _____ day of _____, 2022.

ANN DAVISON

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
- 11 (2:22-cv-00483-TL)

**Ann Davison**
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200

Seattle City Attorney


By: _____
    Jessica Leiser, WSBA# 49349
    Ghazal Sharifi, WSBA# 47750
    Assistant City Attorney
    E-mail:  Jessica.Leiser@seattle.gov
    E-Mail:  Ghazal.Sharifi@seattle.gov

    Seattle City Attorney's Office
    701 Fifth Avenue, Suite 2050
    Seattle, WA 98104
    Phone: (206) 684-8200

    *Attorney for Defendants*

[PROPOSED] STIPULATED PROTECTIVE ORDER
- 12 (2:22-cv-00483-TL)

1

2

**CERTIFICATE OF SERVICE**

3

       I hereby certify that on _____, 202_, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

4

| Lauren Freidenberg, WSBA # 59145<br>Nathaniel Flack, WSBA # 58582<br>MacDonald Hoague & Bayless<br>705 Second Avenue, Suite 1500<br>Seattle, WA 98104<br><br>*[Attorneys for Plaintiff]* | ( x ) Via Email<br>NathanielF@mhb.com<br>LaurenF@mhb.com |
| --- | --- |
| Jessica Leiser, WSBA # 49349<br>Brandon Rain, WSBA # 45247<br>Ghazal Sharifi, WSBA # 47750<br>Seattle City Attorney's Office<br>701 Fifth Avenue, Suite 2050<br>Seattle, WA 98104<br><br>*[Attorneys for Defendants]* | ( x ) Via Email<br>Jessica.Leiser@Seattle.gov<br>Brandon.Rain@Seattle.gov<br>Ghazal.Sharifi@Seattle.gov |

5

6

7

8

9

10

11

12

13

_____
Jay Beck, Legal Assistant

14

15

16

17

18

19

20

21

22

23

~~[PROPOSED]~~ STIPULATED PROTECTIVE ORDER
- 13 (2:22-cv-00483-TL)

Ann Davison
Seattle City Attorney
701 5th Avenue, Suite 2050
Seattle, WA 98104-7095
(206) 684-8200