UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANTHONY SIMS,<br><br>                    Plaintiff,<br>     v.<br><br>CITY OF SEATTLE, a municipal corporation, and ROBERT BROWN, GREGORY NASH, GARRETT FOLLETTE, and BRADLEY RICHARDSON, Officers of the Seattle Police Department,<br><br>                    Defendants. | CASE NO. 2:22-cv-00483-TL<br><br>ORDER ON MOTION TO CERTIFY INTERLOCUTORY APPEAL AS FRIVOLOUS |

   This matter is before the Court on Plaintiff's Motion to Certify Interlocutory Appeal as Frivolous (Dkt. No. 66). Having reviewed Defendants' response (Dkt. No. 67), Plaintiff's reply (Dkt. No. 68), and the relevant record, the Court DENIES the motion.

   Plaintiff argues that genuine factual disputes preclude summary adjudication on several issues presented, thus rendering an interlocutory appeal unavailable. *See* Dkt. No. 66 at 2–4; Dkt. No. 68 at 1–5. Plaintiff further argues in essence that the Court's ruling on the legality of the

trunk search is beyond dispute. *See id.* at 4–6. In response, Defendants point out that an interlocutory appeal is available for issues of law. *See* Dkt. No. 67 at 3–4. Defendants further argue that the Court's failure to analyze qualified immunity on an individualized basis is an issue of law subject to review, and that the Court made conclusions of law that are also subject to appeal. *See* Dkt. No. 67 at 2, 5–12.

"[A] summary judgment order denying qualified immunity is immediately appealable." *Hopson v. Alexander*, 71 F.4th 692, 696–97 (9th Cir. 2023); *accord Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985) ("[A] district court's denial of a claim of qualified immunity, to the extent that it turns on an issue of law, is an appealable 'final decision' within the meaning of 28 U.S.C. § 1291 notwithstanding the absence of a final judgment."). However, an interlocutory appeal is not available "when the district court determines that factual issues genuinely in dispute preclude summary adjudication." *Ortiz v. Jordan*, 562 U.S. 180, 188 (2011) (citing *Johnson v. Jones*, 515 U.S. 304, 313 (1995)). Further, "a district court may certify in writing that the appeal is frivolous or waived," thus retaining jurisdiction over the matter. *Chuman v. Wright*, 960 F.2d 104, 105 (9th Cir. 1992). An appeal is frivolous "if the results are obvious or the arguments of error are wholly without merit." *Amwest Mortg. Corp. v. Grady*, 925 F.2d 1162, 1165 (9th Cir. 1991).

The Court finds that Defendants' appeal is not frivolous, and the Court will not certify it as such. Defendants have raised a viable issue regarding the manner in which the Court analyzed qualified immunity. *See Cunningham v. Gates*, 229 F.3d 1271, 1287 (9th Cir. 2000) ("[I]n resolving a motion for summary judgment based on qualified immunity, a court must carefully examine the specific factual allegations against each individual defendant (as viewed in a light most favorable to the plaintiff)."); *see also Mondragon v. City of Fremont*, 854 F. App'x 197, 198 (9th Cir. 2021) (mem.) (vacating and remanding where the district court "discussed the

officers as a group and did not properly analyze each officer's actions individually").[1] Defendants have also raised an issue regarding the Court's rulings on clearly established law, which are legal conclusions. *See Morales v. Fry*, 873 F.3d 817, 821 (9th Cir. 2017) ("[T]he 'clearly established' inquiry is a question of law that only a judge can decide."). Although Plaintiff vigorously disputes Defendants' arguments, it cannot be said that "the results are obvious" or that "the arguments of error are wholly without merit." *Amwest Morg. Corp.*, 925 F.2d at 1165.

Accordingly, the Court DENIES Plaintiff's Motion to Certify Interlocutory Appeals as Frivolous (Dkt. No. 66).

Dated this 19th day of September 2023.

Tana Lin
United States District Judge

---

[1] Defendants did not provide these authorities in their briefing on summary judgment. Nor did Defendants file a motion for reconsideration, which may have been appropriate in this situation.